188 So. 907

## In re OPINION OF THE JUSTICES.
### No. 54.

Supreme Court of Alabama.

May 15, 1939.

670

To the Justices of the Supreme Court of Alabama.

Gentlemen:

Under the provision of Section 10290 of the Code of Alabama of 1923, I request your opinion on important constitutional questions relating to the issuance of certain warrants under the provisions of Act No. 186, General Acts 1939, approved March 15, 1939, (a copy of said Act is hereto attached for your convenience).

Section 1 of said Act provides in part as follows: "Section 1. Purposes for which warrants issued.—In any county in which a special county tax shall have been voted under the Constitution for such purpose or for school purposes generally, and in any school district in which a special district tax shall have been voted under the Constitution for such purpose or for school purposes generally, the county board of education or the city board of education, as the case may be, with the approval of the State Superintendent of Education may * * * * * * * issue and sell funding warrants for the purpose of paying any obligation or indebtedness incurred under the provisions of Section 22 of this act, including interest thereon. * * *"

And Section 22 of said Act reads: "Section 22. Indebtedness for the payment of current expenses.—The provisions of Act No. 300, General Laws of Alabama, approved September 2, 1935, to the contrary notwithstanding, any county or city board of education may, during the fiscal year beginning October 1, 1938, and ending September 30, 1939, or the fiscal year beginning October 1, 1939, and ending September 30, 1940, if and at such time or times as there shall not be sufficient funds available to pay the current operating ex-

penses of such board. of education for either of such fiscal years, incur obligations or borrow money to an amount not exceeding in the aggregate for both of said fiscal years 20 per cent of the current expenditures of such board of education during the fiscal year beginning October 1, 1937, and ending September 30, 1938, for the purpose of securing credit for or of paying the current operating expenses for either of such fiscal years; but no such board of education shall borrow any money or incur any obligation for such purpose except to the extent that, under the provisions and within the limitations of Section 1 of this act, such board of education could issue funding warrants maturing on or after February 1, 1941, and payable from the county school tax (if a county board of education) or the city district school tax (if a city board of education) voted under the authority of Article XIX of the Constitution, for the purpose of paying such obligations or indebtedness plus interest thereon, if any, to October 1, 1940; and no such board of education shall borrow any money or incur any obligation for any such purpose without the prior written approval of the State Superintendent of Education. After a board of education shall have incurred any obligation or indebtedness under the provisions of this section, the State Superintendent of Education is hereby directed to refuse approval of any warrants proposed to be issued by such board under the provisions of this Act, or any other act, if the issuance thereof would prevent the funding under the provisions and within the limitations of Section 1 of this act of any obligations incurred under the authority of this Section. The determination of the State Superintendent of Education as to the validity of any obligation or indebtedness incurred under the provisions of this Section shall be conclusive insofar as the validity of any funding warrants issued under the provisions of this act for the purpose of paying such obligation or indebtedness is concerned. The authority to incur obligations or to borrow money contained in this Section is an additional and alternative authority and it shall expire and become inoperative on October 1, 1940."

1. Does said Act No. 186 invest county boards of education with legal authority to issue and sell funding warrants for the purpose of paying any obligation or indebtedness incurred under the provisions of Section 22 of said Act, including inter-

est thereon, said funding warrants to be payable from the county school tax voted under the authority of Article XIX of the Constitution?

2. Does said Act No. 186 invest city boards of education with legal authority to issue and sell funding warrants for the purpose of paying any obligation or indebtedness incurred under the provisions of Section 22 of said Act, including interest thereon, said funding warrants to be payable from the city district school tax voted under the authority of Article XIX of the Constitution?

Respectfully submitted,

"Frank M. Dixon,
"Governor.

Hon. Frank M. Dixon

Governor of Alabama

Montgomery, Alabama.

Dear Sir:

Your letter of May 12, 1939, requesting the opinion of the Justices of the Supreme Court of Alabama, under the provisions of Section 10290 of the Code of Alabama of 1923, on certain important constitutional questions, has been received. You inquire:

"Does said Act No. 186 invest county boards of education with legal authority to issue and sell funding warrants for the purpose of paying any obligation or indebtedness incurred under the provisions of Section 22 of said Act, including interest thereon, said funding warrants to be payable from the county school tax voted under the authority of Article XIX of the Constitution?"

Said Act No. 186 to which you refer is, of course, Act No. 186 of the Regular Session of the Legislature of Alabama of 1939.

In answer to the foregoing interrogatory, the Court is of the opinion that county boards of education are not invested with such legal authority, and its answer, therefore, is "No."

You inquire further:

"Does said Act No. 186 invest city boards of education with legal authority to issue and sell funding warrants for the purpose of paying any obligation or indebtedness incurred under the provisions of Section 22 of said Act, including interest thereon, said funding warrants to be payable from the city district school tax voted under the authority of Article XIX of the Constitution?"

In reply to your second interrogatory, the Court's answer is, likewise, "No."

Respectfully submitted,

JOHN C. ANDERSON,
Chief Justice.
LUCIEN D. GARDNER,
WILLIAM H. THOMAS,
VIRGIL BOULDIN,
JOEL B. BROWN,
A. B. FOSTER,
THOMAS E. KNIGHT,
Associate Justices.